# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BENJAMIN HEIDERSCHEIT,<br><br>Defendant. | Case No. CR15-1010<br><br>ORDER FOR PRETRIAL DETENTION |

On the 28th day of May, 2015, this matter came on for hearing on the Motion for Detention Hearing (docket number 35) filed by the Defendant on May 20, 2015.[1] The Government was represented by Assistant United States Attorney Justin Lightfoot. The Defendant appeared personally and was represented by his attorney, Alfred E. Willett.

## I. RELEVANT FACTS AND PROCEEDINGS

On April 23, 2015, Defendant Benjamin Heiderscheit was charged by Indictment (docket number 3) with conspiracy to manufacture a controlled substance near a protected location (Count 1), maintaining a drug-involved premises near a protected location (Count 2), and possession of pseudoephedrine (Count 4). At the arraignment on May 5, 2015, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on July 6, 2015.

Officer Chad Leitzen of the Dubuque Police Department, who is currently assigned to the Dubuque Drug Task Force, testified regarding the circumstances underlying the instant action. On July 4, 2014, Defendant's former girlfriend went to Defendant's house

---

[1] Defendant waived his right to a hearing at the initial appearance, while reserving his right to ask for a hearing on a later date.

to retrieve her personal property. She was accompanied by a police officer. Defendant's mother permitted the former girlfriend to enter the house, but refused entry to the officer. When the girlfriend exited the house, however, she reported seeing numerous items associated with the manufacture of methamphetamine, including a distinct odor. The officer outside the house also noticed an odor. A search warrant was obtained for the residence, and authorities found numerous items associated with the manufacture of methamphetamine.

Further investigation also revealed drug-related text messages between Defendant and Heather Avenarius (a co-Defendant in this case). Investigators also found "pseudo logs," showing that both Defendant and Avenarius had purchased extensive amounts of pseudoephedrine. During a post-*Miranda* interview, Avenarius told officers that Defendant cooks methamphetamine. According to Avenarius, she provided Defendant with approximately five boxes of pseudoephedrine every month between May 2014 and January 2015.

Defendant, age 34, was born in Dubuque and has lived in the Dubuque area all of his life. Defendant is single, has never been married, and has no children. His parents live in Durango, Iowa, and his father testified that Defendant could live with them if released. Defendant has been unemployed since July 2014, but had steady employment prior to that time.

Defendant is in good physical health, but told the pretrial services officer that he has been diagnosed with anxiety and attention deficit hyperactivity disorder. He is not currently taking any medications. While he was in prison, however, Defendant was required to take a number of mental health medications. According to Defendant, he has used marijuana on a daily basis since age 13, and last used two days before his arrest. He has also used methamphetamine about once per month since age 18 and last used that substance approximately one month prior to his arrest. He received inpatient substance

abuse treatment at age 18, and has completed two outpatient substance abuse treatment since that time.

Defendant was adjudicated delinquent as a juvenile on various charges, including assault. As an adult, he has convictions for public intoxication, operating a motor vehicle while intoxicated, and eight convictions for possession of a controlled substance. (Numerous other possession charges were dismissed.) Defendant was also convicted of possession of contraband in a correctional facility, when he was found with marijuana in the Dubuque, Iowa, residential facility. In October 2003, Defendant's probation was revoked and he was sent to prison, where he served approximately 16 months. Defendant has failed to appear for court proceedings on nine separate occasions.

When a warrant was issued for Defendant's arrest in the instant action, he intentionally refused to respond to the door when he knew police officers were looking for him. Several days later, the United States Marshals Service located Defendant in a house in Dubuque. Defendant initially opened the front door, but then slammed the door shut and locked it when he discovered that it was a deputy marshal at the door. Defendant then holed himself up in the attic for approximately four hours before finally surrendering.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves

3

an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant;

4

(3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to manufacture a controlled substance near a protected location, maintaining a drug-involved

premises near a protected location, and possession of pseudoephedrine. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(C).

Because there is probable cause to believe Defendant committed serious drug offenses, there is a rebuttable presumption that he should be detained pending trial. The weight of the evidence is strong. During the execution of a search warrant, officers found numerous items consistent with the manufacture of methamphetamine. Drug logs and statements by the co-Defendant also support a finding that Defendant purchased pseudoephedrine and used it to manufacture methamphetamine. Defendant is an active drug user and does not have stable employment. Defendant has a history of committing additional offenses while on pretrial release and probation. He has failed to appear for court proceedings on nine occasions. To cap it off, Defendant attempted to evade arrest. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Defendant's motion for a detention hearing (May 20, 2015) to the filing of this Ruling (May 28, 2015) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 28th day of May, 2015.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA